G. W. HARRINGTON *v.* R. STEVENS ET AL.

**Frauds, Statute of—Agreement Affecting Real Estate.**

Where two persons as partners engaged in the erection of a house, and one desiring to withdraw from the undertaking after partly finishing the house, having surrendered his rights in the property to his partner on certain conditions, with the understanding that the title to the property should be conveyed to his partner, the contract was within the statute of frauds and can not be enforced.

APPEAL FROM PENDLETON CIRCUIT COURT.

December 27, 1872.

OPINION BY JUDGE HARDIN:

Whether there was a valid and enforceable contract between Harrington and January, is the only important question to be determined in this case.

It appears that Harrington, after taking possession of the lot and commencing to build the house and make other improvements upon it, gave it up to his partner, January, who partly finished the house and made other improvements at his own expense, and that Harrington repeatedly declared in conversation in effect, that being unable to complete the house and keep it, he had let January take it off his hands, who was to pay his three notes for purchase money and aid him with lumber for fitting up another house to live in; but there is no evidence that this arrangement was expressed in writing; and the circuit court, it seems, only regarded the proof as sufficient to show a parol agreement that January should, on paying off the notes to Stevens & Co., have the title conveyed to him, and this was construed by the court as not within the statute of frauds for the reason that it provided for a conveyance by the

original vendors, or holders of the title, to January, and did not import an agreement on the part of Harrington to convey.

The decision can not be sustained. Waiving the objection taken as to the competency of the evidence, it certainly proves only a verbal contract, and whether that was meant or intended as a sale by Harrington to January, and an obligation on the part of Harrington to get and convey the title, or that he would provide or permit the holders of it to make the deed directly to January, it was nevertheless substantially a contract for the sale and conveyance of land, which, not being in writing, could not be enforced as against Harrington, and it, of course, imposed no obligation on the holders of the legal title.

The court should have adjudged relief to the plaintiff, as it did, but should also have rescinded the agreement between Harrington and January upon such equitable terms of adjustment as were usual in such cases.

Wherefore the judgment is reversed and the cause remanded for a judgment in conformity to this opinion.

*Stevenson & Myers, for appellant.*

*Boyd, for appellees.*